UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ADAM STEMMONS,

                                    Plaintiff,

v.                                                                    1:25-CV-0846
                                                                         (GTS/ML)

GLENS FALLS HOSP.; ALBANY MED HEALTH SYS.;
DONNA VOLCHECK, RN; ADRIAN A. MORRIS, MD;
DR. APRIL BEASLEY-IRVING; SUSAN K. ROBERTS-
MCMANUS, LMSW; GLENS FALLS CITY; and GLENS
FALLS POLICE DEPARTMENT,

                                    Defendants.

_____

APPEARANCES:                                         OF COUNSEL:

ADAM STEMMONS
     Plaintiff, *Pro Se*
1343 Salem Road
York, Pennsylvania 17404

McPHILLIPS, FITZGERALD & CULLUM LLP          COURTNEY M. HASKINS, ESQ.
     Counsel for Defendants Glens Falls Hospital
     and Albany Med Health System
288 Glen Street
P.O. Box 299
Glens Falls, New York 12801

FIZGERALD MORRIS BAKER FIRTH, P.C.          JOHN D. ASPLAND, ESQ.
     Counsel for Defendants Glens Falls City
     and Glens Falls Police Department
68 Warren Street
Glens Falls, New York 12801

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action by Adam Stemmons

("Plaintiff") against the seven above-captioned entities and individuals ("Defendants"), are (1)

United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that

Plaintiff's Amended Complaint be *sua sponte* dismissed without leave to amend for failure to state a claim, (2) Plaintiff's Objections to the Report-Recommendation, and (3) Defendant Glens Falls City's response to Plaintiff's Objections. (Dkt. Nos. 48, 58, and 70.) For the reasons stated below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Amended Complaint is *sua sponte* dismissed without leave to amend; in addition, Plaintiff's motion for a preliminary injunction (Dkt. No. 12) is denied as moot.

## I.    RELEVANT BACKGROUND

For the sake of brevity, the Court will not summarize the claims and allegations of Plaintiff's Amended Complaint and the procedural history of this action, but will respectfully refer the reader to the Report-Recommendation, which accurately recites that information. (*See generally* Dkt. No. 48, at 1-5.)

Generally, in his Report-Recommendation, Magistrate Judge Lovric recommends that the Court *sua sponte* dismiss Plaintiff's Amended Complaint without leave to amend based on each of three grounds: (1) through the impermissible use of group pleading, Plaintiff's Amended Complaint fails allege facts plausibly suggesting the personal involvement of any of the individual Defendants in the alleged underlying constitutional violations; (2) in any event, Plaintiff's claims are untimely, without entitlement to benefit from any doctrine tolling the three-year limitations period governing claims under 42 U.S.C. § 1983; and (3) in any event, Plaintiff's Amended Complaint otherwise fails to allege facts plausibly suggesting a claim upon which relief may be granted. (*Id*. at 7-18.)

Generally, in his Objections, Plaintiff asserts eight arguments: (1) the Report-Recommendation's recommendation of dismissal with prejudice and without leave to amend is inappropriate, because it is not clear that an amendment would be futile; (2) the Report-

Recommendation's analysis under Fed. R. Civ. P. 8 and the personal-involvement requirement is unduly rigid at the screening stage, especially given that Plaintiff is proceeding *pro se*; (3) the Report-Recommendation's statute-of-limitations analysis overlooks Plaintiff's allegations of Defendants' delayed discovery and concealment of records; (4) the Report-Recommendation's screening analysis overlooks Plaintiff's allegations of incomplete records, withheld records, and related continuing harm, because (a) the application of the doctrines of equitable tolling and fraudulent concealment are fact-intensive inquiries and should not be decided against Plaintiff at the screening stage, and (b) continuing harm from Defendants' ongoing publication of his mugshot online is independently actionable or supports equitable relief and should not be disregarded at the screening stage; (5) the Report-Recommendation's state-action analysis is premature at the screening stage; (6) the Report-Recommendation's reliance on *Heck v. Humphrey* should not result in dismissal with prejudice at the screening stage; (7) the Report-Recommendation's recommendation of dismissal of Plaintiff's *Monell* claim should be without prejudice and with leave to amend, because he could correct the pleading deficiency in that claim by amending his pleading to name the municipality (and not its police department) as a Defendant; and (8) the Report-Recommendation's recommendation of dismissal of Plaintiff's civil RICO claim based on N.D.N.Y. Local Rule 9.2 is premature, because he should be afforded an opportunity to comply by filing a Local Rule 9.2 RICO statement.   (*See generally* Dkt. No. 58.)

Generally, in its response to Plaintiff's Objections, Defendant Glens Falls City asserts nine arguments: (1) because Plaintiff's Objections fail to challenge any specific portion of the Report-Recommendation, the Report-Recommendation need be subjected to only a clear-error review; (2) even if the Court were to subject the Report-Recommendation to a *de novo* review,

the Report-Recommendation should be adopted; (3) more specifically, Plaintiff's argument under Fed. R. Civ. P. 8 is misplaced because, rather than impose an evidentiary burden, Fed. R. Civ. P. 8's pleading-sufficiency requirement gives rise to a challenge under Fed. R. Civ. P. 12(b)(6); (4) Plaintiff's failure to identify the misconduct of any particular Defendant fails to give Defendants "fair notice" of the claims against them; (5) Plaintiff's failure to obtain records does not toll the limitations period; (6) Plaintiff's allegation that police responded to a call from hospital staff does not satisfy any of the three tests for state action (i.e., compulsion, joint action/close nexus, or public function); (7) Plaintiff's argument that not all of his claims relate to his conviction fails to meaningfully address the Report-Recommendation's conclusion that those claims that implicate validity of that conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (8) Plaintiff's argument about his municipal-liability claim neglects to address the claim's pleading deficiencies of untimeliness and failure to allege facts plausibly suggesting any municipal policy or custom; and (9) Plaintiff's argument about his civil RICO claim neglects to address the claim's pleading deficiency of untimeliness.   (Dkt. No. 70.)

## II.    APPLICABLE LEGAL STANDARDS

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).   To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections,

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).    However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.    *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been

---

where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

---

[3]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation that Plaintiff has specifically challenged, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   As a result, the Report-Recommendation is accepted and adopted in its entirety for each of the alternative reasons stated therein, as well as the reasons set forth in Defendant Glens Falls City's response to Plaintiff's Objections.   (Dkt. Nos. 58 and 70.)   To those reasons, the Court adds four brief points.

First, after carefully considering them, the Court finds that none of the eight arguments asserted by Plaintiff in his Objections serves as a ground to reject any portion of the Report-Recommendation.   (*Compare* Dkt. No. 58 *with* Dkt. No. 48.)

Second, although the Report-Recommendation relies only in passing on the Court's disposition of Plaintiff's prior action of *Stemmons v. Volchek*, 14-CV-1465 (N.D.N.Y.), the Court does so more squarely: in addition to undermining Plaintiff's argument that he should not be responsible for the statute of limitations because he is not a lawyer (and he thus lacks knowledge of a claim's timeliness requirement), Senior U.S. District Judge Thomas J. McAvoy's dismissal of Plaintiff's Complaint in *Stemmons v. Volchek* serves as a ground on which to find that most if not all of Plaintiff's current claims should be dismissed for the alternative reason that they are

precluded by the doctrines of res judicata and/or collateral estoppel.  *Stemmons v. Volchek*, 14-CV-1465, Decision and Order (N.D.N.Y. filed June 4, 2015) (McAvoy, J.), adopting Report-Recommendation, at 6-7 (N.D.N.Y. filed Apr. 3, 2015) (Treece, M.J.) (recommending dismissal in part based on untimeliness).   Like the current action, Plaintiff's prior action was against Donna Volcheck, Dr. April Beasley-Irving, and others,[5]  and asserted constitutional claims arising from his being subjected to an allegedly an unwarranted criminal charge of assault based on an incident that occurred in 2010 at Glens Falls Hospital.   *See Stemmons v. Volchek*, 14-CV-1465, Complaint (N.D.N.Y. filed Dec. 4, 2014).[6]

Third, nothing in the Supreme Court's recent decision in *Olivier v. City of Brandon*, Miss., No. 24-993, 2026 WL 783725 (Mar. 20, 2026), changes the Court's finding regarding the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994), under the circumstances.

Fourth and finally, because his underlying Amended Complaint has been dismissed, Plaintiff's motion for a preliminary injunction is denied as moot.   *See Page v. Oath Inc*., 17-CV-6990, 2018 WL 1474620, at *2 (S.D.N.Y. Mar. 26, 2018) ("The motion for a TRO is also denied because, absent any surviving ATA claim in the Complaint, the application is moot.") (collecting cases), *aff'd sub nom. Page v. United States Agency for Glob. Media*, 797 F. App'x 550 (2d Cir. 2019) (summary order); *cf. Ruby v. Pan Am. World Airways, Inc*., 360 F.2d 691, 691-92 (2d Cir.

---

5      The Court notes that the defendants in Plaintiff's prior action included, again among others, three other employees of Glens Falls Hospital and six employees of the Glens Falls Police Department (which entities are Defendants in the current action).   *See Stemmons v. Volchek*, 14-CV-1465, Complaint (N.D.N.Y. filed Dec. 4, 2014).

6      The Court notes that Plaintiff's appeal from Judge McAvoy's Decision and Order was dismissed by the Second Circuit as frivolous.   *Stemmons v. Volchek*, No. 15-2292, Mandate (2d Cir. filed Dec. 4, 2015).

1966) (per curiam) (holding that the resolution of a case on the merits moots an appeal from the denial of a preliminary injunction).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 48) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 25) is *sua sponte* **DISMISSED** without leave to amend for failure to state a claim; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 12) is **DENIED as moot**.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated:   March 30, 2026
        Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge

9